UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA FEBRIANTI,

              Plaintiff,

       -against-

UNITED STATES 2D CIRCUIT OF APPEAL;
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK,

              Defendants.

26-CV-0657 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title VI of the Civil Rights Act of 1964, asserting claims for discrimination based on her Indonesian national origin and Islamic religion. Plaintiff also invokes the First Amendment rights to exercise her religion and to free speech.

Plaintiff sues Defendants United States District Court for the Southern District of New York ("SDNY") and "United States 2d Circuit of Appeal" ("Second Circuit"), largely based on judicial rulings in her *pro se* actions, *Febrianti v. Starwood WorldWide*, No. 15-CV-0635 (JMF) (S.D.N.Y. Feb. 9, 2016) (granting motion to dismiss second amended complaint), No. 16-702-CV (2d Cir. July 7, 2017) (appeal dismissed as lacking "arguable basis either in law or in fact"), and *Febrianti v. NYC Health & Hosp.*, No. 23-CV-6175 (JLR) (SDA) (S.D.N.Y. Aug. 20, 2025) (adopting R & R recommending dismissal without prejudice for failure to prosecute), *appeal*

*pending*, No. 25-2331-CV (2d Cir.).[1] By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint, which is 283 pages long and difficult to read because Plaintiff has filled the margins of the pages with handwritten

---

[1] The Court of Appeals for the Second Circuit also dismissed Plaintiff's improper interlocutory appeal from a non-final order. *See Febrianti v. NYC Health & Hosp.*, No. 25-0436 (2d Cir. June 11, 2025).

2

statements.[2] Plaintiff alleges that judges from the United States District Court for the Southern District of New York breached their duties of care, discriminated against her based on race or national origin and religion, and retaliated against her for seeking recusal of Magistrate Judge Aaron.

On January 10, 2025, during an off-the-record settlement conference, Magistrate Judge Aaron and defense counsel allegedly "ridiculed" Plaintiff's religious commitment to "Allah first." Magistrate Judge Aaron allegedly stated that the Supreme Court "is not binding to any religious doctrine," which Plaintiff viewed as Islamophobic and as undermining her faith.

Plaintiff also refers to litigation before District Judge Furman, *Febrianti*, No. 15-CV-0635 (JMF), in which she alleges that summary judgment was entered against her and that she was denied further leave to amend as a result of bias.

On May 22, 2025, non-party court officers at the federal courthouse at 500 Pearl Street, New York, allegedly denied Plaintiff the right to pray, under circumstances that Plaintiff does not describe, and removed her from the building.[3]

Plaintiff alleges that her appeals to the Second Circuit from adverse rulings of the district court either failed to proceed or were dismissed. Plaintiff attributes this to religious discrimination based on her insistence on "Allah first" and to retaliation for her filing of motions to recuse Magistrate Judge Aaron.

Plaintiff seeks damages from Defendants SDNY and Second Circuit, an order directing that Plaintiff's closed district court cases be reopened and that she be permitted her to file further

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[33] Plaintiff has not named any court officers in connection with these allegations and the Court therefore does not address this further, leaving Plaintiff free to pursue any such claims in a separate suit.

amended complaints, recusal of Judge Furman and Magistrate Judge Aaron from those matters after reopening, and removal from the bench of allegedly biased federal judges, including Magistrate Judge Aaron, District Judges Rochon and Furman, and Circuit Judges Raymond J. Lohier, Jr., Susan L. Carney, and Myrna Perez.

## DISCUSSION

**A.    Claims against Federal Courts**

### 1.    Relief in Closed Cases

Plaintiff seeks to reopen her closed cases, *Starwood WorldWide*, No. 15-CV-0635 (JMF), and *NYC Health & Hosp.*, No. 23-CV-6175 (JLR) (SDA), and vacate the adverse decisions in those actions. The proper vehicle to challenge a district court decision is a motion, under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, filed in the challenged action, or a direct appeal from a final adverse decisions.[4] To challenge a decision of the Second Circuit, a plaintiff's remedy is a timely petition for a writ of *certiorari* to the United States Supreme Court.[5]

Federal district judges can only act in cases that are pending before them; this Court therefore cannot in this action vacate decisions taken in separate actions assigned to District Judges Furman or Rochon. Moreover, the Second Circuit reviews appeals from the federal district court, *see* Fed. R. App. P. 3(a) (describing appeal as of right from a district court to a

---

[4] In *Starwood WorldWide*, No. 15-CV-0635 (JMF), Plaintiff already brought an unsuccessful motion for reconsideration, Fed. R. Civ. P. 60(b), and direct appeal. Plaintiff's appeal of the dismissal without prejudice in *NYC Health & Hosp.*, No. 23-CV-6175 (JLR) (SDA), is pending in the court of appeals.

[5] Moreover, Plaintiff's claim against NYC Health & Hospitals was dismissed without prejudice to refiling and thus nothing appears to prevent Plaintiff from refiling that claim.

4

court of appeals) — not the reverse; this Court cannot review or vacate the decision of a higher appellate court. The injunctive relief that Plaintiff seeks is therefore unavailable in this action.

### 2.    Discrimination Claims

Plaintiff brings this action against the SDNY and the Second Circuit invoking Title VI, which prohibits racial discrimination in the participation in or provision of benefits "under any program or activity receiving [f]ederal financial assistance," 42 U.S.C. § 2000d. Title VI was meant to cover situations where federal funding is given to a non-federal entity. *See Soberal–Perez v. Heckler,* 717 F.2d 36, 39 (2d Cir. 1983) ("[I]n enacting Title VI, Congress was in part addressing its concern that federal moneys not be used to finance racially segregated state, local, and private programs"). Title VI thus does not govern federal agencies administering their own budgets, *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 75 (2d Cir. 2008), or the federal judiciary. Accordingly, Title VI does not provide a remedy for Plaintiff's allegations of judicial bias based on race.

Moreover, it would be futile to grant Plaintiff leave to replead to reassert her claims against the judicial officers who made the adverse rulings. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities, *Mireles v. Waco*, 502 U.S. 9, 11 (1991), and "acts arising out of, or related to, individual cases before the judge are considered judicial in nature," *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Plaintiff seeks damages for judicial rulings in her cases, and any such claims are therefore barred by judicial immunity.

### 3. Sovereign Immunity

Plaintiff brings claims against the SDNY and Second Circuit under the First Amendment. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). "The sovereign immunity of the United States may only be waived by federal statute" and that waiver must be express, not implied. *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). The plaintiff bears the burden of establishing waiver. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, the federal district courts and courts of appeals are entitled to the sovereign immunity of the United States, and Plaintiff has not established any basis for waiver of that immunity, which it is her burden to do. Sovereign immunity therefore requires dismissal of Plaintiff's claims against the SDNY and the Second Circuit.

### B. Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk of Court is directed to enter civil judgment in this matter.

SO ORDERED.

Dated:   January 29, 2026
         New York, New York

*Louis L. Stanton*

Louis L. Stanton
U.S.D.J.

7